# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>*Defendant.* | Civil Action No. 7:25-cv-00252<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures," "IV," or "Plaintiff"), in its Complaint[1] for patent infringement against Defendant Southwest Airlines Co. ("Southwest" or "Defendant"), hereby allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for the infringement of United States Patent No. 7,822,841 ("the '841 Patent") (the "Patent-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

---

[1] In light of Southwest's Notice of Partial Opposition of IV's Unopposed Motion for Leave to File Amended Complaint (Dkt. 39), Plaintiff IV is filing this separate action asserting one (1) additional patent against Defendant Southwest. Plaintiff believes that the patent asserted in this action is related to those already asserted before this Court. Plaintiff will respectfully move to consolidate this action with *Intellectual Ventures I LLC et al v. Southwest Airlines Co.*, Case No. 7:24-cv-00277-ADA.

## THE PARTIES

### Intellectual Ventures

2. Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures II") is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, WA 98007.

3. Intellectual Ventures II is the owner of all rights, title, and interest in and to the '841 Patent.

### Southwest Airlines

4. Upon information and belief, Defendant Southwest Airlines ("Southwest") is a Texas corporation with its principal place of business at 2702 Love Field Drive, Dallas, TX 75235. Southwest may be served with process through its registered agent, Corporation Service Company at 211 E. 7th Street Suite 620, Austin, TX 78701. Southwest is registered to do business in the State of Texas and has been since at least 1967. On information and belief, Southwest does business in the State of Texas and the Western District of Texas.

5. Upon information and belief, Southwest makes, utilizes, services, tests, distributes, sells, offers, and/or offers for sale in the State of Texas and the Western District of Texas products, services, and technologies ("Accused Products and Services") that infringe the Patent-in-Suit, contributes to the infringement by others, and/or induces others to commit acts of patent infringement in the State of Texas and the Western District of Texas.

6. On information and belief, Southwest has derived substantial revenue from infringing acts in the Western District of Texas, including from the sale and use of the Accused Products and Services as described in more detail below.

2

## JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under the patent laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over Southwest because Southwest conducts business in and has committed acts of patent infringement, contributed to infringement by others, and/or induced others to commit acts of patent infringement in this District, the State of Texas, and elsewhere in the United States, and has established minimum contacts with this forum state such that the exercise of jurisdiction over Southwest would not offend the traditional notions of fair play and substantial justice. Upon information and belief, Southwest transacts substantial business with entities and individuals in the State of Texas and the Western District of Texas, by, among other things, utilizing, servicing, testing, distributing, selling, offering, and/or offering for sale the Accused Products and Services that infringe the Patent-in-Suit, as well as by providing service and support to its customers in this District. Southwest also places certain of the Accused Products and Services into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas, including this District. For example, Southwest provides Wi-Fi service for its customers and/or employees on Southwest airplanes within this District.

9.     Southwest is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Southwest's substantial business in the State of Texas and this District, including maintaining a principal place of business at 2702 Love Field Drive, Dallas, TX 75235, through its past infringing activities, because Southwest regularly does and solicits business herein, and/or because Southwest has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided to customers in the State of Texas and this District.

10. Upon information and belief, Southwest does business itself, or through its subsidiaries, affiliates, and agents, in the State of Texas and the Western District of Texas.

11. Upon information and belief, Southwest flies to 10 destinations[2] within Texas.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Southwest has both established places of business in this judicial district and has committed acts of infringement in this judicial district.

13. Upon information and belief, Southwest maintains regular and established places of business via terminals, airplanes, operations centers, and ticket counters, as well as other equipment and facilities, at airports located in this District. Southwest has regular and established places of business at which it has committed acts of infringement and placed the Accused Products and Services into the stream of commerce, throughout the State of Texas and the Western District of Texas. For example, Southwest operates flights at multiple airports throughout this District, including at least: (1) Midland International Air & Space Port (MAF) – located at 9506 La Force Blvd; (2) Austin-Bergstrom International Airport (AUS) – located at 3600 Presidential Blvd, Austin, TX 78719; (3) San-Antonio International Airport (SAT) – located at 9800 Airport Blvd, San Antonio TX 78216; (4) El Paso International Airport (ELP) – located at 6701 Convair Rd, El Paso, TX 79925 (collectively "Southwest Airport Locations").

14. Upon information and belief, Southwest is one of only four airline carriers at the Midland International Air & Space Port[3].

---

[2] https://www.swabiz.com/route-map/?clk=RTMAPMAP (Last accessed on 5/29/2025).
[3] https://www.flymaf.com/147/Airlines (Last accessed on 5/29/2025).

15. Upon information and belief, Southwest has a 44%[4] share of all the seats at the Austin-Bergstrom International Airport.

16. Upon information and belief, Southwest holds its Southwest Airport Locations to be regular and established places of business of Southwest in this District by operating flights, selling tickets, and servicing customers at these locations.

17. Upon information and belief, the Southwest Airport Locations in this District are regular, continuous, and established physical places of business of Southwest, being established, ratified, and/or controlled by Southwest as authorized locations, which are places of business at which Southwest makes, utilizes, services, tests, distributes, offers and/or offers for sale the Accused Products and Services.

18. Upon information and belief, Southwest ratifies and holds its Southwest Airport Locations out as regular and established places of business of Southwest in this District by listing them on Southwest's website, including, *e.g.,* as shown below:[5]

---

[4] https://thepointsguy.com/news/delta-air-lines-austin-expansion-texas/ (Last accessed on 5/29/2025)
[5] https://www.southwest.com/route-map/?clk=GSUBNAV-AIR-ROUTEMAP (Last accessed on 5/29/2025).



19.     Upon information and belief, Southwest has established, ratified, and holds these Southwest Airport Locations out as regular and established places of business of Southwest by directing and controlling these Southwest Airport Location's actions and services in the foregoing manner, and has consented to these Southwest Airport Locations acting on Southwest's behalf and being Southwest's places of business whereby the Accused Products and Services are utilized, serviced, tested, distributed, offered and/or offered for sale and placed into the stream of commerce in this District, and these Southwest Airport Locations have consented to act on Southwest's behalf pursuant to the foregoing terms of control and direction in order to, among other things, be able to offer flight services that utilize the Accused Products and Services.

**FACTUAL BACKGROUND**

20. Intellectual Ventures Management, LLC ("Intellectual Ventures Management") was founded in 2000. Since then, Intellectual Ventures Management has been involved in the business of inventing. Intellectual Ventures Management facilitates invention by inventors and the filing of patent applications for those inventions, collaboration with others to develop and patent inventions, and the acquisition and licensing of patents from individual inventors, universities, corporations, and other institutions. A significant aspect of Intellectual Ventures Management's business is managing the Plaintiff in this case Intellectual Ventures II.

21. One of the founders of Intellectual Ventures Management is Nathan Myhrvold, who worked at Microsoft from 1986 until 2000 in a variety of executive positions, culminating in his appointment as the company's first Chief Technology Officer ("CTO") in 1996. While at Microsoft, Dr. Myhrvold founded Microsoft Research in 1991 and was one of the world's foremost software experts. Between 1986 and 2000, Microsoft became the world's largest technology company.

22. Under Dr. Myhrvold's leadership, Intellectual Ventures acquired more than 70,000 patents covering many important inventions used in the airline and avionics industries.

23. Southwest offers various types of airline and avionics related services and technologies to its customers, partners, vendors, and/or third parties. Southwest's products and services utilize and/or support various technologies, including but not limited to Kubernetes, Kafka, Docker, Spark, Hadoop, In-Flight and Ground Connectivity, and Internet Hotspots. Certain of these products and services, such as In-Flight and Ground Connectivity and Internet Hotspots, are offered to Southwest's customers and/or employees and use WiFi and cellular technologies, managed by Southwest, to enable Southwest products and services that it further offers to its

customers and/or employees. Certain of these products and services, such as Kubernetes, Kafka, Docker, Spark, and Hadoop, are technologies used and managed by Southwest to enable the various products and services that Southwest offers to its customers. Southwest makes, utilizes, services, tests, distributes, offers, and/or offers for sale these products and services throughout the world, including in the United States and Texas.

## THE PATENT-IN-SUIT

*U.S. Patent No. 7,822,841*

24. On October 26, 2010, the PTO issued the '841 Patent, titled "Method and System for Hosting Multiple, Customized Computing Clusters." The '841 Patent is valid and enforceable. A copy of the '841 Patent is attached as Exhibit 1.

25. Intellectual Ventures II LLC is the owner of all rights, title, and interest in and to the '841 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '841 Patent.

## COUNT I

(Southwest's Infringement of U.S. Patent No. 7,822,841)

26. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27. **Direct Infringement**. Southwest, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '841 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the '841 Patent, including but not limited to at least the Accused Products and Services identified in the example charts incorporated, per paragraph 28 below, into this Count (collectively, "Example Southwest Count I Products and Services") that infringe at least the example claims of the '841 Patent

8

identified in the charts incorporated into this Count (the "Example '841 Patent Claims") literally or by the doctrine of equivalents.

28. On information and belief, Southwest has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '841 Patent Claims, by internal testing and use of the Example Southwest Count I Products and Services.

29. Each claim of the '841 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. The '841 Patent is related to secure, customizable computer clusters and detecting cluster-level and node-level issues. The '841 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of multi-cluster configuration management and efficient usage of cluster resources, among other issues. The '841 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the '841 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

30. Each claim of the '841 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the '841 Patent.

31. Southwest has known that its infringing products and services, such as the Example Southwest Count I Products and Services, cannot be used without infringing the technology claimed in the '841 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

32. **Willful Blindness.** Southwest knew of the '841 Patent, or should have known of the '841 Patent, but was willfully blind to its existence. Southwest has had actual knowledge of

the '841 Patent. By the time of trial, Southwest will have known and intended that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '841 Patent.

33. **Induced Infringement.** Southwest has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '841 Patent by contributing to and/or inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example Southwest Count I Products and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, customers, and/or third parties to infringe the '841 Patent. For example, on information and belief, Southwest offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example Southwest Count I Products and Services. Southwest has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '841 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example Southwest Count I Products and Services.

34. Southwest therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '841 Patent with knowledge of the '841 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '841 Patent. Southwest has actively induced others, including, but not limited to, partners, vendors, customers, and/or third parties who use the Example Southwest Count I Products and Services to infringe the '841 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including

within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Southwest Count I Products and Services.

35. **Contributory Infringement.** Southwest actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '841 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '841 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

36. Southwest therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third-parties' infringement of the '841 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example Southwest Count I Products and Services for use in a manner that infringes one or more claims of the '841 Patent. Example Southwest Count I Products and Services are especially made or adapted for infringing the '841 Patent and have no substantial non-infringing use.

37. Exhibit 2 (claim chart) includes the Example Southwest Count I Products and Services and Example '841 Patent Claims. As set forth in these charts, the Example Southwest Count I Products and Services practice the technology claimed by the '841 Patent. Accordingly, the Example Southwest Count I Products and Services incorporated in these charts satisfy all elements of the Example '841 Patent Claims.

38. Intellectual Ventures therefore incorporates by reference in its allegations herein the claim chart of Exhibit 2.

39. Intellectual Ventures is entitled to recover damages adequate to compensate for Defendant's infringement of the '841 Patent and will continue to be damaged by such infringement. Intellectual Ventures is entitled to recover damages from Defendant to compensate them for Defendant's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

40. Further, Southwest's infringement of Intellectual Ventures' rights under the '841 Patent will continue to damage Intellectual Ventures' business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

41. As a result of Defendant's acts of infringement, Plaintiff have suffered and will continue to suffer damages in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

42. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request the following relief:

A. A judgment that the Patent-in-Suit is valid and enforceable;

B. A judgment that Defendant directly infringes, contributorily infringes, and/or actively induces infringement of one or more claims of the Patent-in-Suit;

C. A judgment that awards Plaintiff all damages adequate to compensate them for Defendant's direct infringement, willful infringement, contributory infringement,

      and/or induced infringement of the Patent-in-Suit, including all pre- judgment and post- judgment interest at the maximum rate permitted by law;

D.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement with respect to the Patent-in-Suit;

E.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's infringement of the Patent-in-Suit, which continue to damage Plaintiffs' business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court;

F.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the Patent-in-Suit, including ongoing royalties, pre- and post- judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

G.    A judgment that this case is exceptional under 35 U.S.C. § 285;

H.    An accounting of all damages not presented at trial; and

I.    A judgment that awards Plaintiff their costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by the Court.

Dated: May 30, 2025                            RESPECTFULLY SUBMITTED,

                                              By: */s/ Mark D. Siegmund*
                                                  Mark D. Siegmund (TX Bar No. 24117055)
                                                  msiegmund@cjsjlaw.com
                                                  **CHERRY JOHNSON SIEGMUND JAMES PC**
                                                  7901 Fish Pond Rd., 2nd Floor
                                                  Waco, Texas 76710
                                                  Telephone: 254-732-2242
                                                  Facsimile: 866-627-3509

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Jonathan H. Hicks (CA Bar No. 274634)
(Admitted in this District)
jhicks@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6102
Facsimile: (404) 393-9752

**Attorneys for Plaintiff
INTELLECTUAL VENTURES II LLC**